NOS. 07-09-00301-CR, 07-09-0302-CR, 07-09-0303-CR,
 07-09-0304-CR, 07-09-0305-CR, 07-09-0306-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
AUGUST 20, 2010
--------------------------------------------------------------------------------

 
 VIENGKHONE SIKALASINH, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;
 
 NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;
 
 HONORABLE HAL MINER, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 CONCURRING OPINION
 
The Court reaches the correct result in this case, and I concur in the Court's judgment. I concur also in the Court's discussion of appellant's issues one and two, regarding attorney's fees. With regard to appellant's issue three regarding witness fees, the Court correctly points out that, even before its 1999 repeal, subsection (a) of article 102.002(a) of the Code of Criminal Procedure expressly excluded witness expenses paid under article 35.27 from its provisions. See Act of May 17, 1985, 69th Leg., R.S., ch. 269, § 1, 1985 Tex. Gen. Laws 1300, 1302, repealed by Act of May 22, 1999, 76th Leg. R.S., ch. 580, § 11, 1999 Tex. Gen. Laws 3121, 3123. The Court thus correctly concludes that repeal of subsection (a) of article 102.002 cannot have the effect of authorizing the assessment against appellant of the cost of witness fees paid under article 35.27. 
It seems to me, however, that there is a more fundamental problem with the State's position that article 102.002 provides a statutory basis for imposition of non-resident witness expenses on appellant. In pertinent part, subsection (c) of article 102.002, on which the State relies, states "a defendant is liable on conviction for the fees provided by this article for witnesses . . . ." Tex. Code Crim. Proc. Ann. art. 102.002(c) (Vernon 2006). The Court's opinion quotes the repealed subsection (a) of article 102.002. That now-repealed subsection provided per diem and mileage reimbursement for witnesses. See Act of May 17, 1985, 69th Leg., R.S., ch. 269, § 1, 1985 Tex. Gen. Laws 1300, 1302, repealed by Act of May 22, 1999, 76th Leg. R.S., ch. 580, § 11, 1999 Tex. Gen. Laws 3121, 3123. Since the repeal of its subsection (a), however, article 102.002 does not provide fees for witnesses. Under the current provisions of article 102.002, as I read them, there are no "fees provided by this article" for which a convicted defendant may be liable. For that reason, I concur in the Court's judgment.
 James T. Campbell
 Justice
Quinn, C.J., joins in this concurring opinion.

Publish.